UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIN ROUNTREE,

      Plaintiff,                      Case No. 2:17-cv-11902

v.                                HONORABLE STEPHEN J. MURPHY, III

NATIONSTAR MORTGAGE, LLC and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR TEMPORARY RESTRAINING ORDER [11]

Plaintiffs filed an eight-count complaint in Oakland County Circuit Court concerning the title to a property in Farmington Hills and related loan agreements. Defendants timely removed the action but have not yet responded to it. Now before the Court is Plaintiff's motion for a temporary restraining order (TRO). The redemption period will expire today, so Plaintiff asks the Court to enter a TRO tolling the period's expiration. The Court will grant the motion.

## BACKGROUND

The general timeline of events leading up to this case is fairly straightforward.[1] Plaintiff purchased a home in Farmington Hills in 2006 and obtained a warranty deed and a mortgage on the home—a mortgage now assigned to Defendant Nationstar. Nine years later, in October 2015, Plaintiff submitted an application for a loan modification agreement to Nationstar. But there was apparently a "glitch" in Nationstar's system, so it told Plaintiff to submit updated financial information. This began a 15-month cycle of Plaintiff submitting

---

[1] For simplicity, the Court recites the events as they are described in the complaint. This is not, however, a finding of any fact.

requested information and new applications, followed by Nationstar insisting that more information or new applications were necessary. Nationstar finally foreclosed on Plaintiff's home in January 2017 and Defendant Fannie Mae purchased the home at a sheriff's sale the next month. The redemption period ends on August 21, 2017.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 allows a court to issue a preliminary injunction or TRO. Fed. R. Civ. P. 65. Although a court has the ability to issue a preliminary injunction, it is considered "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). When reviewing a motion for a preliminary injunction,[2] the Court must consider four factors:

(1) whether the plaintiff has a strong likelihood of succeeding on the merits;
(2) whether the plaintiff will suffer irreparable injury absent the injunction;
(3) whether issuing the injunction will cause substantial harm to others; and
(4) whether the public interest will be furthered by the issuance of the injunction.

*Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Although the "failure to show a likelihood of success on the merits is generally fatal," *Powers v. Bank of Am., N.A.*, 63 F. Supp. 3d 747, 751 (E.D. Mich. 2014) (citing *Overstreet*, 305 F.3d at 573), "no single factor will be determinative"—the Court balances all four. *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

## DISCUSSION

---

[2] The factors used for determining whether to issue a preliminary injunction are the same factors to be used in reviewing a TRO. *Karhani v. Meijer*, 270 F. Supp. 2d 926, 929 (E.D. Mich. 2003).

Under Michigan law, a mortgagor has six months to redeem his property after a sheriff's sale. Mich. Comp. Laws § 600.3240(8). "Once this statutory redemption period lapses, however, the mortgagor's 'right, title, and interest in and to the property' are extinguished." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (quoting *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942) and citing Mich. Comp. Laws § 600.3236). And once the period has expired, the door to redemption is firmly closed: courts may set aside the foreclosure only upon a clear showing of fraud or irregularity in the foreclosure procedure itself. *Id.* at 359–60.

Because the expiration of the foreclosure period has so preclusive an effect, trial courts can and do issue TROs which toll the redemption period. *See, e.g.*, *Wells Fargo Bank, NA v. SBC IV REO, LLC*, 318 Mich. App. 72, 87–88 (2016); *Hodge v. Ulmer*, No. 194439, 1997 WL 33343877, at *1 (Mich. Ct. App. Oct. 31, 1997); *see also Whitehead v. Fed. Nat. Mortg. Ass'n*, No. 12-CV-13840, 2013 WL 5353050, at *5 (E.D. Mich. Sept. 24, 2013) (recognizing the necessity of a post-removal TRO to avoid the preclusive effect of the redemption period's expiration). Unlike the high bar applicable to post-expiration relief, a pre-expiration TRO may be entered for claims unrelated to the foreclosure proceeding itself. *See, e.g.*, *Mitchell v. Trustees of U.S. Mut. Real Estate Inv. Tr.*, 144 Mich. App. 302, 307 (1985) (noting the use of a TRO where the claim concerned a usurious interest rate on the underlying mortgage).

Accordingly, three of the four TRO factors weigh in favor of granting Plaintiff's motion. The finality and near-irreversibility of a redemption period's expiration would be an irreparable injury to Plaintiff. In contrast, a short delay in the finality of the sheriff's sale

would not impose a substantial harm on either Defendant. And the public interest would seem little affected one way or the other by a brief delay in resolving the matter.

This leaves the fourth factor: whether Plaintiff has a strong likelihood to succeed on the merits. Before the Court can evaluate this factor, however, some recognition of the case's timeline to date is appropriate. Plaintiff filed an eight-count complaint on May 16, 2017. Defendants removed the case on June 15, 2017. Defendants submitted a proposed, stipulated order seeking an extension of time to respond to the complaint a few days later. The Court permitted the extension and entered the order. Two more stipulated extensions followed, ultimately setting the deadline to respond as Friday, August 18, 2017. But on Wednesday, August 16, Plaintiff filed the instant motion for a TRO. Because the expiration date was a few days away, the Court immediately ordered Defendants to respond. Defendants responded to the motion a day early, but did not file a response to the complaint, which was due Friday. Rather, they submitted a fourth proposed, stipulated order of extension which would set August 25, 2017 as the deadline to respond to the complaint.

The parties have thus put the cart before the horse, and ask the Court to drive it. Motions for TROs require the Court to assess the likelihood of success on the merits. But due to the parties' delays, the Court does not have before it even an answer or motion to dismiss. So while Defendants have not responded to the complaint since May, they ask the Court to effectively adjudicate the entire matter over a weekend. Their Friday-filed response requests oral argument, but since the redemption period expires today, such a request could not be given without first granting the relief which Defendants oppose.

On balance, entering a TRO is the equitable way forward. Defendants' arguments on the merits of the case are well-taken, and perhaps they will prevail, but the consequences of the redemption period's expiration are significant. A TRO will allow Defendants to finally respond to the complaint and provide them the opportunity to be heard at the oral argument they requested.

Finally, the Court recognizes that Rule 65(c) directs that preliminary injunctions and TROs only issue "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). With the facts now before it, the Court sees little need to require any security. The TRO will not delay shipments, halt productions, or otherwise affect third parties in any significant way, and the parties' stipulations evince no urgency to have the matter resolved in a strict time frame. The Court will not require Plaintiff to provide any security at this time.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Temporary Restraining Order [11] is **GRANTED**. The expiration of the redemption period is **TOLLED** until **11:59 p.m. on August 31, 2017**.

**IT IS FURTHER ORDERED** that Defendants shall file an answer or otherwise respond to Plaintiff's complaint no later than **August 24, 2017**. No further extensions will be allowed.

**IT IS FURTHER ORDERED** that the parties shall **APPEAR** for a hearing at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard,

Detroit, Michigan on **August 28, 2017 at 10:00 a.m.** At the hearing, the parties shall argue

whether the TRO should be extended, converted into a preliminary injunction, or dissolved.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 21, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 21, 2017, by electronic and/or ordinary mail.

s/Keisha Jackson
for Case Manager David Parker